GARDEN, JUDGE:
The claimant is the owner of a farm located on Shepherd’s Ridge, a rural area in Marshall County, eight miles from the City of Moundsville, West Virginia. This farm is bisected by a secondary road which is maintained by respondent. The farm fronts on both sides of this secondary road for a distance of about one-half mile. The claimant kept cattle on the farm; consequently, his property on both sides of the road was fenced. The claimant did not live on the farm but did visit it daily for the purpose of feeding his cattle.
During the month of January, 1977, this area of Marshall County, as was true in other areas in West Virginia, received a very large accumulation of snow as the result of three or four severe snowstorms. As a matter of fact, the snow on the road and property of the claimant in some areas was as deep as 12 feet. As a result, the respondent’s regular road crews did not have the necessary manpower to clear the roads in Marshall County, and thus the Office of Emergency Services directed the National Guard to assist the respondent in clearing the roads of snow.
The claimant testified that employees of respondent had removed snow from the road on three or four occasions prior to the day in January when members of the National Guard started their removal operations. Claimant was present at the farm when the National Guard was attempting to remove the snow, and he requested that they not push the snow from the road directly into his fence line, but rather, that they push the snow up and down the road and through a small break in the fence line that had been made previously by employees *40 of respondent. The members of the National Guard refused to comply with claimant’s request, and as a result, a large length of the fence line was destroyed, including some 65 fence posts and a 14-foot wooden gate. The claimant repaired this damage, and the cost of the necessary material and labor amountd to $435.90.
One of the basic statutory responsibilities imposed on the West Virginia Commissioner of Highways is the maintenance of the roads and highways of this State. (See Code 17-2A-8.) Certainly included within the term “maintenance” would be the responsibility for snow removal to make the highways safe and passable for motorists, and we are of the opinion that this duty is nondelegable and nonassignable.
The respondent was not directing or supervising the activities of the National Guard. This is the basis for respondent’s contention that the National Guard was an independent contractor and that respondent is therefore not responsible for the negligence of the members of the National Guard. We agree that the National Guard occupied the position of an independent contractor, but the general rule of nonliability is subject to certain well-defined exceptions, such as where the undertaking is particularly hazardous, where the employer interferes with the conduct of the work, where the injury is the direct or natural result of the work, or where the law imposes a special duty. (Emphasis supplied) See Chenoweth v. Settle Engineers, Inc., 151 W.Va. 830, 156 S.E. 2d, 297 (1967). While the ends attained as the result of snow removal are most salutary, we are of the opinion that the respondent cannot escape liability by attempting to delegate the performance of this special duty to third parties.
Being of the opinion that the members of the National Guard performed their work in a negligent manner, and that, as a proximate result of such negligence, the claimant sustained damages, we hereby make an award in favor of the claimant in the amount of $435.90.
Award of $435.90.